E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JEREMY K. BEECHER (Cal. Bar No. 301272)
Assistant United States Attorney
Criminal Division
    United States Courthouse
    312 N. Spring St., Suite 1100
    Los Angeles, California 90012
    Telephone: (213) 894-5429
    E-mail:   Jeremy.Beecher@usdoj.gov

Attorneys for Respondent
WARDEN ELISEO RICOLCOL

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WYNETTE RANDLE,<br><br>    Petitioner,<br><br>        v.<br><br>WARDEN ELISEO RICOLCOL,[1]<br><br>    Respondent. | No. 5:23-CV-01508-FLA-MRW<br><br>RESPONDENT'S MOTION TO DISMISS PETITIONER'S WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; DECLARATION OF YOLANDA SANCHEZ; [PROPOSED] ORDER |

    Respondent Warden Eliseo Ricolcol, by and through his counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Jeremy K. Beecher, hereby moves to dismiss the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed by Petitioner Wynette Randle.

---

[1] The named Respondent is "Warden of Victorville Camp, FCI Medium, I." (Petitioner, ECF No. 1, at 1.) The proper Respondent in this action under 28 U.S.C. § 2241 is Petitioner's custodian at the time of filing, Warden Eliseo Ricolcol of the Federal Correctional Institution Victorville Medium I Satellite Prison Camp in Victorville, California.

Respondent brings this motion on the grounds that Petitioner failed to exhaust administrative remedies before filing the Petition.

This Motion is based on the attached memorandum of points and authorities, the attached declaration of Yolanda Sanchez and accompanying exhibits, the files and records in this case, and such further evidence or argument as the Court may permit.

Respondent is exempt from the meet and confer procedure requirement of the Local Rules because Petitioner is proceeding pro se, is in custody, and is not an attorney.  See C.D. Cal. Rs. 7-3, 16-12(c).

Dated: October 18, 2023              Respectfully submitted,

                                                  E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

        /s/
JEREMY K. BEECHER
Assistant United States Attorney

Attorneys for Respondent
WARDEN ELISEO RICOLCOL

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pro se Petitioner Wynette Randle entered Federal Bureau of Prisons ("BOP") custody on July 7, 2023, after receiving an eight-month sentence for a supervised release violation. Her current projected release date is November 15, 2023.

On July 24, 2023 – less than three weeks after entering BOP custody – Petitioner filed the instant Petition alleging that BOP has improperly denied her Earned Time Credits ("ETCs") under the First Step Act ("FSA").

The Court need not – and should not – address the merits of the Petition because Petitioner has not exhausted administrative remedies. BOP has enacted a comprehensive administrative remedy process to allow for the resolution of claims like Petitioner's in the first instance without judicial intervention. Petitioner has wholly bypassed that required process and instead proceeded directly to this Court with her dispute regarding the application of FSA ETCs. As a result, BOP has had no occasion to apply its subject matter expertise to her claim, which could narrow or eliminate the issues in dispute before this Court. Further, Petitioner's tactic of bypassing the administrative remedy process altogether, if allowed here, would open the floodgates to untold other similarly situated prisoners to do the same.

The Court should reject Petitioner's end-run around BOP's administrative remedy process and dismiss the Petition without prejudice for failure to exhaust administrative remedies.

//
//

3

## II. STATEMENT OF FACTS

### A. Petitioner Is Sentenced to Eight Months in BOP Custody

In her underlying criminal case, in February 2016, Petitioner was sentenced in the United States District Court for the Southern District of California to sixty months' custody, followed by four years of supervised release, for conspiracy to distribute methamphetamine. (Declaration of Yolanda Sanchez ("Sanchez Decl.") ¶ 4(a).)

On April 12, 2023, Petitioner was sentenced by the same court to eight months' custody for violation of the terms of her supervised release. (Id.)  Petitioner entered BOP custody on July 7, 2023. (Id. ¶ 5.)  Petitioner is currently housed at the FCI Victorville Medium I Satellite Prison Camp in Victorville, California. (Id. at ¶ 4(b.)  Petitioner's projected release date is November 15, 2023. (Id. ¶ 4(c).)

### B. BOP's Comprehensive Framework for Resolving Disputes Through Its Administrative Remedy Process

BOP's administrative remedy process is "well-established" and allows inmates to challenge all aspects of their confinement, including the computation of their sentence. United States v. Wilson, 503 U.S. 329, 336 (1992); 28 C.F.R. § 542.10.  The administrative remedy process begins when an inmate seeks informal resolution by filing a "BP-8" at their institution. 28 C.F.R. § 542.13.  If that fails, the inmate then files a formal request, known as a "BP-9," with their Warden. Id. § 542.14.  After the Warden responds, the inmate may then appeal to BOP's Regional Director by submitting a "BP-10." Id. § 542.15.  Finally, if the inmate wishes to contest the Regional Director's response, the inmate may appeal by filing a "BP-11" with BOP's Office of General

4

Counsel. Id. BOP's administrative remedy process is complete only after a final decision has been rendered by the Office of General Counsel. Id. §§ 542.15(a), 542.18.

Each inmate committed to a BOP institution learns about the BOP administrative remedy program through the institution's Admission and Orientation Program, and each inmate receives an Admission & Orientation Handbook that details the administrative remedy process. (Sanchez Decl. ¶ 6.)

### C. Petitioner Fails to Exhaust Administrative Remedies

Notwithstanding BOP's robust administrative remedy process and Petitioner's awareness of it, she has made no attempts to resolve the instant dispute administratively. A report generated by BOP on September 12, 2023 – nearly two months after Petitioner filed the instant Petition – shows Petitioner has not filed any administrative remedies since re-entering BOP custody regarding the application of FSA ETCs or any other issue. (Sanchez Decl. ¶ 7, Ex. C.) The administrative remedy process remains fully open to Petitioner. (Id.)

### III. ARGUMENT

#### A. The Petition Should Be Dismissed Because Petitioner Has Not Exhausted Her Administrative Remedies

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986). This requirement aids judicial review by allowing the administrative agency to develop a factual record, apply its expertise, and correct its own errors, thereby conserving court resources and avoiding unnecessary judicial intervention. See

Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). Thus, while the Court has discretion to waive this prudential requirement, failure to exhaust administrative remedies is an appropriate basis for dismissal of a habeas petition. Martinez, 804 F.2d at 571.

Here, Petitioner has clearly failed to exhaust her administrative remedies insofar as she has at no point attempted to invoke them. The Court should dismiss the Petition to permit Petitioner to complete the administrative remedy process, thereby allowing BOP to fully and meaningfully investigate and respond to her claims. Martinez, 804 F.2d at 571.

Prudential considerations favoring dismissal are particularly strong here given the subject matter of the Petition. BOP has special expertise in analyzing the applicable law, as well as its own regulations and policies, governing sentence computation and projected release dates. Indeed, the FSA is a relatively new statute, and BOP is constantly reviewing and revising its policies and regulations with respect to the earning and application of ETCs. Had Petitioner completed the administrative remedy process, he would have received a detailed response from BOP prior to filing the Petition that potentially could have narrowed or eliminated – and at the very least would have clarified – the issues in dispute. See Jones v. Bock, 549 U.S. 199, 219 (2007) (exhaustion benefits courts by "reducing litigation to the extent complaints are satisfactorily resolved").

The Court should reject Petitioner's bald assertion that the exhaustion requirement should be waived here because BOP has "predetermined" the outcome. Petitioner provides no factual basis whatsoever, let alone compelling evidence, from which the Court

could conclude that BOP has, in fact, predetermined the issue of whether FSA ETCs should be applied to Petitioner's release date. Nor has BOP had a chance to consider the issue, given Petitioner's admitted failure to pursue administrative remedies.

Further, waiving the exhaustion requirement here would encourage all similarly situated prisoners in BOP custody to bypass the administrative remedy process out of expediency – precisely the result the law instructs courts to avoid.  See Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (noting that a "key consideration" in the court's exercise of discretion regarding futility is whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme").  There is no reason for the Court to waive the exhaustion requirement here as BOP's administrative remedy process remains open and readily available to Petitioner.

**IV.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court dismiss the Petition without prejudice for failure to exhaust administrative remedies.  However, if the Court denies this Motion to Dismiss, the government requests 30 days to respond to the Petition on the merits.